## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DEBRAH J. SMITH,

          Plaintiff,

vs.                                                    Case No. 04-4174-SAC

DOLLAR GENERAL CORPORATION
and DOLGENCORP, INC.,

          Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY AND SANCTIONS

This matter comes before the court on defendants' Motion to Compel Discovery (Doc. 23). Defendants seek an order (1) compelling plaintiff to serve initial Rule 26 Disclosures in compliance with Rule 26 and (2) compelling plaintiff to provide defendants with names of acceptable mediators. Defendants further move for sanctions against the plaintiff, including but not limited to an award of attorneys' fees and costs incurred in connection with this motion.[1] No response has been filed in opposition to defendants' motion, and the time for the filing of any such responses has expired.

D. Kan. Rule 7.4 provides in relevant part: "The failure to file a brief or response within the time specified within Rule 6.1[(d)][2] shall constitute a waiver of the right thereafter to file such a brief or response . . . . If a respondent fails to file a response within the time required . . . , the motion will be considered and

---

[1] Defendants' Motion to Compel (Doc. 23) at 2.

[2] Rule 6.1(d)(1) provides that "[r]esponses to nondispositive motions . . . shall be filed and served within 14 days."

1

decided as an uncontested motion, and ordinarily will be granted without further notice." Because no response has been filed in opposition to defendants' motion, the court finds that it should treated as uncontested.

**Certification Requirement**

The court first addresses whether defendants have satisfied the certification requirement provided in Fed. R. Civ. P. 37(a)(2)(B) and D. Kan. Rule 37.2. Fed. R. Civ. P. 37(a)(2)(B). These rules require that a motion to compel include "a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."[3] Thus, "[b]efore filing a motion, the movant must make reasonable efforts to confer."[4] "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party."[5] "It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[6] "When a party certifies compliance with conference requirements, whether by a separate document or within the motion and supporting memoranda, it should set forth with particularity the steps taken to resolve the

---

[3] Fed. R. Civ. P. 37(a)(2)(B). *See also* D. Kan. R. 37.2 (stating that "[e]very certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute").

[4] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 458 (D. Kan. 1999).

[5] D. Kan. Rule 37.2.

[6] *Id.*

dispute."[7]

Defendants in this case submitted with their motion to compel a certification, including an affidavit and exhibits, of efforts to secure discovery without court action.[8]  In their certification, defendants set out in detail a series of communications and other events leading up to the filing of the instant motion. Defendants have made many attempts to secure discovery and have exchanged numerous and detailed e-mails and faxes regarding defendants' discovery requests.

For these reasons, the court finds that defendants have satisfied the certification requirement set forth in Fed. R. Civ. P. 37(a)(2)(B) and D. Kan. R. 37.2.

**Discussion**

1.     **Plaintiff's Rule 26 disclosures and names of acceptable mediators**

Defendants have moved to compel plaintiff's Rule 26 disclosures and to compel plaintiff to provide the names of acceptable mediators.[9]  According to the Scheduling Order (Doc. 17) in this case, initial Rule 26 disclosures were to be provided on or before May 20, 2005.  This date has now passed and defendants have not received plaintiff's Rule 26 disclosures despite extensive efforts to communicate with plaintiff to obtain plaintiff's disclosures.  Additionally, according to the Scheduling Order (Doc. 17), the deadline to complete mediation was July 22, 2005, which has also passed without plaintiff having provided defendants the names of acceptable mediators, despite defendants' efforts to contact plaintiff to obtain that information.

---

[7] *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ.A. 98-2183, 1999 U.S. Dist. LEXIS 8908 (D. Kan. June 8, 1999).

[8] Memorandum in Support of Defendants' Motion to Compel (Doc. 24) and Exhibits A - D.

[9] Defendant's Motion to Compel (Doc. 24) at 1.

3

Further, plaintiff has also failed to submit a confidential settlement report, the deadline of which was due May 23, 2005, according to the Scheduling Order in this case (Doc. 17).   Finally, plaintiff has failed to respond to defendants' current Motion to Compel or offer substantial justification for her failure to comply with the court's Scheduling Order.  Accordingly, having found good cause, the court finds that the information at issue is properly discoverable and defendants' Motion to Compel (Doc. 23) should be granted.

  **2.**   **Sanctions**

  Defendants request that the court impose sanctions against plaintiff due in part to plaintiff's "...radio silence [that] has brought this case to a standstill[.]"[10]   Specifically, defendants request that the court assess sanctions against plaintiff for defendants' reasonable expenses incurred as a result of the instant Motion to Compel.[11]   The court will thus address the appropriateness of sanctions in this case.  Fed. R. Civ. P. 16(f) provides the court with authority to sanction a party or a party's attorney for failure to obey a scheduling or pretrial order.  The court may make "such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)."[12]

  After consideration of all the circumstances, the court determines that defendants' request for sanctions should be granted. The court finds that defendants undertook a good faith effort to confer and resolve the disputes giving rise to their motion without the necessity for action by the court.  The court further finds that plaintiff's counsel has not provided any justification for plaintiff's failure to respond to the

---

   [10]Defendants' Memorandum in Support of Defendants' Motion to Compel (Doc. 24) at 1 ("Smith's radio silence has brought this case to a standstill, thus necessitating this motion.").

   [11]Defendants' Motion to Compel (Doc. 23) at 2.

   [12] Fed. R. Civ. P. 16(f).

Scheduling Order established by the court.  An award of defendants' reasonable expenses, including attorneys' fees, incurred as a result of the instant Motion to Compel is an appropriate and just sanction under these circumstances.

The court further finds that plaintiff's counsel, Tom L. Green, has evidenced a troubling pattern of failing to timely respond to deadlines imposed by this court.  The court reminds Mr. Green that this court on June 7, 2005, formally admonished him and stated:

> "An attorney's failure to comply with the court's deadlines and orders in a case, frustrates the court's goal of an orderly and efficient resolution of the matter, potentially prejudices any or all parties to the litigation, and falls far short of the mark of diligent advocacy by potentially putting the interests of the attorney's own client at risk.  These possible negative consequences should provide an attorney with adequate incentives to diligently comply with the deadlines established and orders issued in a case even without the possibility of sanctions.  However, should these incentives alone prove insufficient, Mr. Green should be mindful of the strong probability of serious sanctions for any repetition of his failure to diligently comply with the court's orders in the future.  The court strongly urges Mr. Green to heed this warning and admonition as it will not tolerate any future repetition of this type of behavior and will not be inclined to provide any additional warning before imposing whatever sanction it deems appropriate to address any such repetition."[13]

As a result, the court finds sanctions proper in this case and will therefore order that defendants on or before August 29, 2005 file with the court and serve upon plaintiff's counsel a verified accounting of their reasonable expenses, including attorneys' fees, incurred as a result of the instant Motion to Compel for which they seek reimbursement as a result of having to prepare and file said motion.

**Conclusion**

Based upon the foregoing, the court concludes that defendants' Motion to Compel should be

---

[13]*See* ORDER admonishing plaintiff's counsel for failure to comply with the court's scheduling order, Case No. 04-4141-SAC (Doc. 17).

5

granted, and that defendants should receive an award of their reasonable expenses in pursuing the Motion to Compel as a sanction for plaintiff's failure to provide full and complete discovery pursuant to the court's Scheduling Order.

**IT IS ORDERED** that defendants' Motion to Compel compliance with Rule 26 disclosures and provide defendants with the names of acceptable mediators (Doc. 23) is hereby granted.

**IT IS FURTHER ORDERED** that plaintiff shall serve upon defendants her Rule 26(a) disclosures on or before **August 26, 2005**, with copies of all documents identified in plaintiff's Rule 26(a) disclosures; plaintiff shall also serve upon defendants the names of acceptable mediators on or before **August 26, 2005**.

**IT IS FURTHER ORDERED** that defendants shall recover their reasonable fees and expenses, including attorneys' fees, incurred as a result of the instant Motion to Compel.  Defendants shall submit to the court, by **August 29, 2005**, a verified accounting of the reasonable fees and expenses (by date, time, and category) for which they seek recovery.

**IT IS FURTHER ORDERED** that plaintiff's counsel shall **SHOW CAUSE** to the court, in writing, on or before **August 29, 2005,** why plaintiff and/or plaintiff's counsel should not be taxed with defendants' reasonable attorney's fees and expenses in filing the instant Motion to Compel as a sanction for plaintiff's failure to provide the required discovery.

**IT IS SO ORDERED.**

Dated this 19th day of August, 2005, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U. S. Magistrate Judge