## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DEBRAH J. SMITH,

          Plaintiff,

vs.                                        Case No. 04-4174-SAC

DOLLAR GENERAL CORPORATION
and DOLGENCORP, INC.,

          Defendants.

_____

### MEMORANDUM AND ORDER

      This matter comes before the court on defendants' uncontested Motion to Compel and for Sanctions (Doc. 23). The court granted defendants' motion, and awarded attorneys' fees associated with the filing of defendants' motion (Doc. 25). Additionally, in its order, the court ordered plaintiff's counsel, Tom Green, to Show Cause, by August 29, 2005, why plaintiff and/or plaintiff's counsel should not be taxed with defendants' attorneys' fees. Plaintiff's counsel failed to respond by this deadline, in writing or otherwise. Defendants have now set forth an affidavit and billing records (Doc. 26) in support of their claim that they incurred $1,661.00 in attorney fees for 8.3 hours of work in filing their Motion to Compel, or approximately $195.00 per hour. Plaintiff and her counsel once again did not respond to defendants' filing. The court now finds these issues ripe and ready for disposition.

**Discussion**

      Attorney fees are traditionally determined using the formula of a reasonable number of hours

1

times a reasonable hourly fee.[1]  "[T]he fee applicant bears the burden of...documenting the appropriate hours expended and hourly rates."[2]  However, there is not a precise rule or formula for making these determinations.[3]  To determine a reasonable rate of compensation, the court must "determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."[4]  Because the litigation occurred in Topeka, Kansas, the relevant inquiry concerns the rates that lawyers of comparable skill and experience charge in the Topeka area.[5]  Neither defense counsel nor plaintiff present evidence of the prevailing market rates in the Topeka area.[6]  In the absence of adequate evidence of prevailing market rates, the court may rely on other relevant factors including its own knowledge to establish the rate.[7]

After reviewing the billing statement submitted by defense counsel, the court finds that the rates

---

[1] *Kayhill v. Unified Gov't of Wyandotte County, et al.,* 197 F.R.D. 454, 459 (D. Kan. 2000) (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995)) (awarding attorneys' fees for failure to meet discovery obligations).

[2] *Case v. Unified School Dist. No.* 233, 157 F.3d 1243, 1249-50 (10th Cir. 1998)(citations omitted);  Mares *v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

[3] *Hensley*, 461 U.S. at 436.

[4] *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983) *overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987).

[5] *See id.  See also Jayhawk Invs., L.P. v. Jet USA Airlines, Inc.,* No. 98-2153-JWL, 1999 WL 974027, at *4 (D. Kan. Aug. 25, 1999).

[6] Defense counsel contends that their rates "were reasonable," but they do not offer supportive documentation of their assertion.  *See* Exhibit A, Affidavit of Tracey F. George (Doc. 26-2), at 2.

[7] *See Case*, 157 F.3d at 1257 (citing *Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir. 1987)).

charged by defense counsel should be reduced. Based upon the court's knowledge of the prevailing market rates, the court finds a more appropriate rate for the work of an attorney with 5 years' experience (Tracey F. George) is $125.00 per hour in Topeka, Kansas, and that an attorney with 10-15 years' experience (Donald S. Prophete) is $150.00 per hour.[8]

The hours expended by defense counsel preparing the motion to compel, memorandum in support, and affidavit appear reasonable. Therefore, defendants reasonably incurred $1,050.00 in attorneys' fees as a result of plaintiff's sanctionable conduct.

However, the additional issue arises in this case as to whether plaintiff, Debrah Smith, or plaintiff's counsel, Tom Green, or both, should be taxed with defendants' reasonable attorneys' fees. The court finds that Tom Green should be held responsible for defendants' reasonable attorneys' fees. In this case, the plaintiff has failed to serve initial Rule 26 disclosures in compliance with Rule 26 as well as failed to provide defendants with the names of acceptable mediators, bringing discovery in this case to a near standstill. The court finds that these failures, while conceivably the result of a failure by the party, Debrah Smith, to provide information to Mr. Green, are more likely of the type that Mr. Green himself ought to have addressed. Mr. Green failed to Show Cause to the court or otherwise proffer any reason for plaintiff's failure to respond to defendants' requests and the court's own deadlines. In fact, Mr. Green, has previously failed to respond to the court's deadlines and orders. An attorney's

---

[8] *See Godinet v. Management and Training Corp.,* 182 F. Supp. 2d 1108, 1113 (D. Kan. 2002) (allowing hourly rate of $115 - $175 in Topeka, Kansas); *Franz v. Lytle*, 854 F. Supp. 753, 756 (D. Kan. 1994) (awarding a fee of $125 per hour in Wichita, Kansas, and taking judicial notice that hourly rates in Topeka are less). For years of attorney experience, *See* MARTINDALE-HUBBELL LAW DIRECTORY, *Ogletree, Deakins, Nash, Smoak & Stewart, P.C.* (2005), *available at* http://www.martindale.com/xp/Martindale/home.xml.

failure to comply with the court's deadlines and orders in a case frustrates the court's goal of an orderly and efficient resolution of the matter, potentially prejudices any or all parties to the litigation, and falls far short of the mark of diligent advocacy by potentially putting the interests of the attorney's own client at risk.  The court further finds that Mr. Green has had ample opportunity to heed this warning and the court simply will not tolerate continued repetition of this type of behavior.  After careful consideration of these factors, the court concludes that the award of attorneys' fees in this case are of the type that should be borne by plaintiff's counsel, Mr. Green, rather than the plaintiff herself.

Accordingly, the court hereby orders plaintiff's counsel, Tom Green, to pay to defendants $1,050.00 in attorney fees and finds that $1,050.00 is a reasonable rate in light of the hours expended filing their Motion to Compel.

**IT IS THEREFORE ORDERED** that defendants are hereby awarded $1,050.00 in attorneys' fees, to be paid by Tom Green, associated with the filing of defendants' Motion to Compel and for Sanctions (Doc. 23).  Mr. Green shall pay this amount to defendants within thirty (30) days from the date of this order.

**IT IS SO ORDERED.**

Dated this 7th day of September, 2005, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
