IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEBRAH J. SMITH,

        Plaintiff,

vs.               No. 04-4174-SAC

DOLLAR GENERAL CORPORATION, and
DOLGENCORP, INC.,

        Defendants.

MEMORANDUM AND ORDER

This case comes before the court on the magistrate's report and recommendation to dismiss the case for lack of prosecution, Dk. 34, followed by plaintiff's motion to dismiss without prejudice, Dk. 38.

On September 12, 2005, defendants filed a motion to dismiss for failure to prosecute . The magistrate judge reviewed the case then recommended that defendant's motion be granted. Plaintiff was given until October 11, 2005 to file any objections to the report and recommendation. On the day of the deadline, plaintiff sought and received an extension until January 10, 2006 in which to find

another attorney.¹  Plaintiff now requests this court dismiss her claims without prejudice.  Defendant objects to that motion and asks the court to dismiss the case with prejudice or, alternatively, to dismiss the case without prejudice if plaintiff will agree to pay all of defendant's attorneys fees and costs in defending the present lawsuit to date should plaintiff choose to refile the case.  Dk. 39, p. 3.

Neither party takes issue with the factual findings set forth in the magistrate's report and recommendation or with his conclusion that this case should be dismissed for lack of prosecution.   The court has reviewed the record as well as the report and recommendation, and adopts the report and recommendation as its findings in this case,² reserving solely the issue regarding whether to dismiss with or without prejudice and with or without conditions.

---

¹Mr. Seth Valerius entered his appearance for the limited purpose of filing a motion for extension of time for plaintiff to obtain a new attorney.  He attached a pleading from state court, reflecting that on October 5, 2005, plaintiff's counsel, Mr. Tom Green, was found to have "neglected" the affairs of his clients and to be "in need of assistance."  Dk. 36, Attachment 1, p. 2 *(In the Matter of Tom L. Green, Order Appointing Assisting Lawyer,* 10/05/05).  Pursuant to Kan. Sup. Ct. R. 221, Sedgwick County Judge Anderson appointed another attorney to review Mr. Green's files and to attempt to protect the interests of his clients.

²Defendant did not request dismissal with prejudice in his motion before the magistrate judge, and the report and recommendation is silent on that matter.  Nonetheless, a dismissal for lack of prosecution pursuant to the magistrate's recommendation would constitute a dismissal with prejudice.  *See* Fed. R. Civ. P. 41(b) (stating unless the court's order of dismissal specifies otherwise, a dismissal operates as an adjudication on the merits.)

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." *Cosby v. Meadors,* 351 F.3d 1324, 1333 (10th Cir. 2003). Similarly, Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure permits a court to issue "[a]n order ... dismissing the action" "[i]f a party ... fails to obey an order to provide or permit discovery." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 (10th Cir.1992). *See also* Fed. R. Civ. P. 16(f). It is within a court's discretion to dismiss a case with prejudice if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice. *Ehrenhaus*, 965 F.2d at 918.

The court agrees with the magistrate judge that consideration of the *Ehrenhaus* factors could warrant a dismissal with prejudice. Nonetheless, the court heeds the Tenth Circuit's caution in *Ehrenhaus*, 965 F.2d at 920, n. 3, that ... "in cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation. *See, e.g., Mitchell v. Inman*, 682 F.2d 886, 887 (11th Cir. 1982) (per curiam)." Here, although plaintiff's counsel filed this case in state court, the record

reflects no action by that counsel thereafter to advance plaintiff's case.[3]  Plaintiff was not *pro se*, but believing she was represented by able counsel, took no action to protect herself, which may have jeopardized her case to an even greater extent than had she been acting *pro se.*  Due to the unusual and unfortunate circumstances of this case relating to plaintiff's counsel, which were not made known to the court until after the magistrate judge's report and recommendation, the court believes that a sanction other than dismissal with prejudice is appropriate.

        The defendant has invited the court to dismiss without prejudice based upon conditions, and the court believes this sanction is the most appropriate.  The court shall thus dismiss the case without prejudice pursuant to Fed. R. Civ. P. 41(b), subject to the following conditions should plaintiff refile her complaint: (1) discovery conducted in this case will be used in the refiled case; (2) at the time of refiling, plaintiff shall provide defendant with any discovery responses and/or documents currently outstanding in this case; (3) plaintiff shall promptly comply with all discovery requirements in the refiled case; (4) plaintiff will reimburse defendant for the court costs of this action; and (5) plaintiff shall timely pay the

---

[3]*See* docket sheet, reflecting no pleadings, responses, motions, etc. by plaintiff's counsel from date of removal (December 29, 2004) to present except for a response to the magistrate judge's show cause order in which counsel admitted the problem was "wholly that of the plaintiff's counsel." Dk. 14, p. 3.

fees defendant incurred in filing the motion to dismiss in this case as well as any other fees or expenses defendant shows to be duplicative, the amount of such fees and expenses to be determined by the court at the time plaintiff refiles her claims. Should plaintiff decide to refile this case and fail to meet any of the conditions set forth above, the court shall, upon defendant's motion, convert this dismissal into a dismissal with prejudice.  The court will retain jurisdiction over this matter to entertain a motion by defendant for fees and/or to convert such a dismissal.

IT IS THEREFORE ORDERED that plaintiff's case is dismissed without prejudice based upon the conditions set forth above.

Dated this 21st day of February, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge